IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONALD R. FRAZIER, JR.                                                                                    PLAINTIFF

v.                                              No. 5:16-CV-0127 JLH

MDOW INSURANCE COMPANY;
and MARK S. BREEDING                                                                              DEFENDANTS

**OPINION AND ORDER**

On April 26, 2016, Donald Frazier commenced this lawsuit against MDOW Insurance Company and Mark S. Breeding. Frazier complains that his house burned down, but the insurer, MDOW, has refused to compensate him for this loss. On May 17 MDOW filed an answer denying the allegations in the complaint. Document #9. Then on June 10 MDOW filed its corporate disclosure statement. Document #26. Frazier now brings a motion for judgment on the pleadings against MDOW pursuant to Rules 12(c) and (d). Document #31. He requests judgment on the pleadings because MDOW did not file its corporate disclosure statement with its first appearance. MDOW and Breeding have responded and Frazier has replied. For the following reasons, Frazier's motion for judgment on the pleadings is denied.

A party may move for judgment on the pleadings after the pleadings close, but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Frazier has not established that there is no material issue of fact nor has he shown that he is entitled to judgment as a matter of law. MDOW has denied the allegations in the complaint, which creates a material issue of fact. The late filing of a corporate disclosure statement is not an appropriate basis for judgment on the pleadings.

Frazier also asks the Court to enter a default judgment against MDOW. Under Federal Rule of Civil Procedure 55, when a defendant such as MDOW "has failed to plead or otherwise defend" the clerk of court must enter a default. MDOW timely filed an answer and a default judgment will not be entered against it.

Although the motion for judgment on the pleadings was filed against MDOW and not Breeding, Breeding filed a response to the motion acknowledging that it appeared the motion was solely directed at MDOW. Document #33. In his reply to Breeding's response, Frazier requests that Breeding be sanctioned under Federal Rule of Civil Procedure 37 for his response that required Frazier to draft a "burdensome and unnecessary" reply. Rule 37 applies to sanctions sought during discovery. Frazier's motion would fall under Federal Rule of Civil Procedure 11. Sanctions under Rule 11 may be warranted when a pleading is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Breeding filed a two page response, which included the certificate of service, "to avoid any possible confusion." Document #33. He simply denied Frazier was entitled to judgment on the pleadings against him even though the motion was directed to MDOW. This does not warrant Rule 11 sanctions.

## CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings is DENIED. Document #31.

IT IS SO ORDERED this 7th day of July, 2016.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE