**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DONALD R. FRAZIER                                                                                         PLAINTIFF

v.                                              No. 5:16CV00127 JLH

MDOW INSURANCE COMPANY;
and MARK S. BREEDING                                                                              DEFENDANTS

**OPINION AND ORDER**

  This is an insurance coverage dispute.  According to the complaint, the plaintiff, Donald R. Frazier, purchased a homeowner's insurance policy from MDOW Insurance Company in February of 2016.  In March of 2016, a fire destroyed Frazier's residence, and Frazier submitted a claim under the policy.  MDOW hired Mark S. Breeding, an attorney, to examine Frazier under oath.  Frazier complied with the request for an examination under oath.  Nevertheless, after that examination, MDOW denied coverage, claiming that Frazier had made material misrepresentations on the application for the policy and during the examination under oath and that he submitted an inventory of items destroyed that was inaccurate and inflated.  Frazier alleges that MDOW has breached its contract and has committed the tort of bad faith.  He alleges that Breeding owed him a fiduciary duty and did not uphold his duty of care in the manner in which he conducted the examination under oath.

  Frazier invokes this Court's jurisdiction by alleging federal causes of action against the defendants under 42 U.S.C. § 1983 for violations of the first, fourth, eighth, and fourteenth amendments of the United States constitution, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Americans with Disabilities Act, and the Civil Rights Acts of 1964 and 1965. The defendants have filed a motion to dismiss, arguing that (1) this Court lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), or alternatively (2) Frazier's complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).  In his response to the defendants' motion to dismiss, Frazier

moves to amend the complaint, seeking only to add additional defendants. For the reasons explained below, the defendants' motion to dismiss is granted, and Frazier's motion to amend is denied.

The United States constitution extends the federal judicial power to "Cases" and "Controversies" "arising under" the constitution, laws, or treaties of the United States and to disputes between parties of different states. U.S. Const. art. III, § 2, cl. 1. By statute, the United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a district court has federal question jurisdiction is determined by the "well-pleaded complaint rule," which provides that a district court has jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citation omitted). Alternatively, a United States District Court may have jurisdiction in a civil action in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). The Supreme Court has held that this statute requires "complete diversity of citizenship," which means that the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996).

Frazier and Breeding are both citizens of Arkansas, which means that complete diversity of citizenship is lacking, so this Court does not have jurisdiction under 28 U.S.C. § 1332. Therefore, if this Court has jurisdiction, it must be because Frazier's claims arise under the constitution or laws of the United States. The defendants argue that Frazier's complaint is facially defective because it does not allege facts that would support federal-question jurisdiction. Specifically, the defendants argue that the causes of action Frazier's complaint alleges require either a state actor or employer-employee relationship. With neither present, the defendants contend that Frazier's complaint must

be dismissed.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id*. The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

Where a defendant has made a facial challenge under Rule 12(b)(1), "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). Here, the complaint contains no allegations that the defendants, MDOW and Breeding, are state actors. Indeed, it is apparent from the complaint that they are not. MDOW is an insurance company; Breeding is an attorney in private practice. A cause of action brought pursuant to section 1983 requires that the conduct in question be attributable to a state actor. *See Adams ex rel. Harris v. Boy Scouts of America–Chickasaw Council*, 271 F.3d 769,

778 (8th Cir. 2001). Frazier's complaint fails to allege an element necessary for a cause of action under section 1983.

Title 42 of the United States Code section 1981 provides that all persons within the United States shall have the same right to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all of the laws and proceedings for the security of persons and property as is enjoyed by white citizens. The Courts have recognized this provision as having a contract clause and an equal benefits clause. *Adams ex rel. Harris v. Boy Scouts of America*, 271 F.3d 769, 777 (8th Cir. 2001). A claim under the equal benefits clause requires state action, but a claim under the contracts clause does not. *Id.* Frazier, presumably, is proceeding under the contracts clause of section 1981. To state a claim under the contracts clause of section 1981, a plaintiff must allege that he is a member of a protected class, the defendants intentionally discriminated against him, he sought to exercise his right to make and enforce contracts with the defendants, and the defendants interfered with that exercise. *Gregory v. Dillards, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009). The difficulty here is with the third element. While Frazier claims that the defendants discriminated against him based on his race, his allegations are purely conclusory and do not meet the *Twombly* standard.

Frazier also attempts to invoke the Civil Rights Acts of 1964 and 1965, the Americans with Disabilities Act and the Rehabilitation Act of 1973. The Rehabilitation Act has a number of provisions, but Frazier does not specify which of those provisions authorizes his claim. It is not apparent from his complaint, even when the complaint is construed liberally, that any of the provisions of the Rehabilitation Act apply here. The same is true of the Civil Rights Acts: Frazier does not specify under which provision his claim is brought, nor is it apparent that any provisions of the Civil Rights Acts apply.

Frazier alleges that he is a person with a "certified disability" and is covered by Titles I through V of the Americans with Disabilities Act, but other than saying that he has a "mental disability," he does not specify the nature of his disability.  Document #1 at 5, ¶ 24 and 7, ¶ 38.  After alleging that he has a "certified disability," he alleges that the defendants violated Title V of the ADA.  Title V of the ADA is another way of referring to 42 U.S.C. § 12201-12213.  *See Rickmyer v. Browne*, No. 13-CV-559 (SRN/LIB), 2014 WL 1607590, at *12 n.32 (D. Minn. April 18, 2014).  The only provision in Title V that appears to give rise to a cause of action is section 12203.  That provision prohibits discrimination against an individual who has opposed an act or practice made unlawful by that chapter or has testified or participated in a proceeding under that chapter and makes it unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted by that chapter.  42 U.S.C. § 12203.  Nothing in Frazier's complaint alleges a claim under this provision.

Frazier's complaint makes reference to numerous provisions in the laws and the constitution of the United States, including the first, fourth, fifth, eighth and fourteenth amendments to the constitution, 42 U.S.C. §§ 1981 and 1983, Titles I through V of the Americans with Disabilities Act, the entirety of the Rehabilitation Act of 1973, and the Civil Rights Acts of 1964 and 1965.  It appears that he is attempting to invoke every civil rights statute in the United States Code.  He alleges that he has been subject to discrimination based on his race, color, sex, national origin, and disability, which pretty well exhausts the possibilities for a discrimination claim.  While it is theoretically possible that the defendants could have discriminated against him on all of these grounds, it is not plausible.  Frazier's complaint never really specifies what federal law he claims that the defendants have violated nor how they have violated it.  Rather, he invokes every federal civil rights statute and claims to have been the victim of every form of discrimination prohibited by

federal law, which leaves the Court and the defendants to guess as to the nature of and basis for his federal claims.

Assuming the allegations in his complaint are true, Frazier may have claims for breach of contract and the tort of bad faith. Those, however, are claims that arise under state law, not federal law. Even construing Frazier's complaint liberally, the Court cannot find allegations sufficient to show that he has a claim that arises under the constitution or laws of the United States.

This brings the Court to Frazier's motion to amend the complaint. Frazier's proposed amended complaint would add as defendants another insurance company and the law firm with which Breeding practices but would not correct any of the complaint's deficiencies. A district court may deny an motion for leave to amend if the proposed amendment would be futile. *Reuter v. Jax, Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013). Because the proposed amendments would not remedy the fundamental deficiencies in the complaint, Frazier's motion would be futile and is denied.

## CONCLUSION

The defendants' motion to dismiss is GRANTED. Document #42. Frazier's motion to amend the complaint is DENIED. Document #46. This action is dismissed without prejudice.

IT IS SO ORDERED this 8th day of September, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE